J-S22029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CRISTHIAN MICHUA-GARFIAS | |
| Appellee | No. 1731 MDA 2016 |

Appeal from the Order Entered September 26, 2016
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000377-2016

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CRISTHIAN MICHUA-GARFIAS | |
| Appellee | No. 1732 MDA 2016 |

Appeal from the Order Entered September 26, 2016
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000661-2016

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED SEPTEMBER 05, 2017**

---

[*] Retired Senior Judge assigned to the Superior Court.

The Commonwealth appeals from the September 26, 2016 orders[1] entered in the Adams County Court of Common Pleas granting Cristhian Michua-Garfias' motions to suppress blood test results.[2]  We affirm.

At docket CP-01-CR-0000377-2016, Michua-Garfias was charged with multiple counts of driving under the influence of a controlled substance ("DUI") stemming from a January 10, 2016 car stop.[3]  At docket CP-01-CR-0000661-2016, Michua-Garfias was charged with, among other charges, multiple counts of DUI stemming from a March 16, 2016 car stop.  On August 16, 2016, Michua-Garfias filed a motion to suppress evidence of blood test results at each docket number.

In lieu of a hearing on the motions, the parties submitted stipulated facts, including:

### CR-377-2016

_____

[1]  Michua-Garfias was charged with DUI-related offenses at two separate dockets and filed motions to suppress evidence at both dockets. The trial court granted the motions.  The Commonwealth filed timely notices of appeal, which were docketed at 1731 MDA 2016 and 1732 MDA 2016.  On November 14, 2016, this Court consolidated the cases.

[2] In its notices of appeal, the Commonwealth certified that the trial court's orders granting Michua-Garfias' motions to suppress terminate or substantially handicap the prosecution.  **See** Pa.R.A.P. 311(d) (permitting interlocutory appeal where Commonwealth certifies with its notice of appeal that order terminates or substantially handicaps prosecution).  Thus, the appeals are properly before us.  **See Commonwealth v. Ivy**, 146 A.3d 241, 244 n.2 (Pa.Super. 2016).

[3] 75 Pa.C.S. §§ 3802(d)(1)(i), 3802(d)(1)(iii), and 3802(d)(2).

1. On January 10, 2016 at approximately 2154 hours (9:54 p.m.) Trooper [Robi] Wareham effectuated a traffic stop of a green Nissan Sentra on Carlisle Street in Gettysburg Borough, Adams County, Pennsylvania.

2. Trooper Wareham encountered the driver of the vehicle . . . Michua-Garfias.

. . .

4. Trooper Wareham advised [Michua-Garfias] that he was under arrest and placed [Michua-Garfias] in handcuffs. Trooper Wareham advised [Michua-Garfias] that "we are going to Gettysburg Hospital . . . to get your blood drawn."

5. Before Trooper Wareham could finish that statement, [Michua-Garfias] stated "to get blood."

. . .

7. Trooper Wareham transported [Michua-Garfias] to Gettysburg Hospital for a blood draw.

8. At 2227 hours (10:27 p.m.), Trooper Wareham read [Michua-Garfias] the DL-26 form. *See* Exhibit "B" attached.

9. Following the reading of the DL-26 form, [Michua-Garfias] agreed to provide a sample of his blood.

10. At 2229 (10:29 p.m.), blood was drawn from [Michua-Garfias'] right arm . . . .

### CR-661-2016

12. On March 16, 2016 at approximately 2155 hours (9:55 p.m.) Trooper [Matthew] Hochberg effectuated a traffic stop of a green Nissan Sentra on State Route 30, west of Camp Letterman Drive, in Straban Township, Adams County, Pennsylvania.

13. Trooper Hochberg encountered the driver of the vehicle, [Michua-Garfias].

. . .

15. Trooper Hochberg transported [Michua-Garfias] to Gettysburg Hospital for a blood draw.

- 3 -

16. At 2308 hours (11:08 p.m.), Trooper Hochberg read [Michua-Garfias] the DL-26 form. *See* Exhibit "c" attached.

17 Following the reading of the DL-26 form, [Michua-Garfias] agreed to provide a sample of his blood.

18 At 2319 hours (11:19 p.m.), blood was drawn from [Michua-Garfias'] left arm . . . .

Stipulated Facts, 9/26/16. On September 26, 2016, the trial court granted the motions, finding that Michua-Garfias did not voluntarily consent to the blood draw and that the results of the blood test were inadmissible. On October 14, 2016, the Commonwealth filed timely notices of appeal.

The Commonwealth raises the following issue on appeal: "Did the Honorable Suppression Court err in applying the exclusionary rule and suppressing the results of [Michua-Garfias'] blood draw when a good faith exception to the rule should have been applied?" Cmwlth.'s Br. at 4. The Commonwealth does not argue that the trial court erred in finding Michua-Garfias' consent to the blood draw involuntary following ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016). Rather, it argues that this Court should recognize "a limited good faith exception [to the exclusionary rule] in the wake of ***Birchfield***." Cmwlth.'s Br. at 17. The Commonwealth argues that we should apply the good-faith exception because the exclusionary rule's deterrent effect is not furthered by application in this case, noting that the implied-consent law relied on by the police officers had previously been upheld. ***Id.*** at 9-17.

The Pennsylvania Supreme Court has explained the exclusionary rule and the good-faith exception to that rule as follows:

> The established remedy for illegal seizures and searches, in criminal cases, is exclusion of the fruits of the illegal police conduct—under both the Fourth Amendment and under Article I, Section 8. That general rule of exclusion, of course, is subject to numerous exceptions. The U.S. Supreme Court recognized a new such exception to the Fourth Amendment's exclusionary rule in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *Leon* held that, where a police officer conducts a search in objective good faith reliance upon a search warrant duly issued by a magistrate or judge, the Fourth Amendment does not require exclusion of evidence found pursuant to the warrant, even if it is later determined that there was no probable cause for the warrant to issue. 468 U.S. at 926, 104 S.Ct. 3405. The High Court considered that the deterrence goal of the federal exclusionary rule based on the Fourth Amendment would not be served by applying it in circumstances where officers have properly relied on a subsequently invalidated search warrant. *Id.*

*Commonwealth v. Johnson*, 86 A.3d 182, 187-88 (Pa. 2014). The Pennsylvania Supreme Court, however, has determined that Article I, Section 8 of the Pennsylvania Constitution does not contemplate a good-faith exception to the exclusionary rule, concluding that the Pennsylvania Constitution provides greater protection for individual privacy interests than does the Fourth Amendment. *Commonwealth v. Edmunds*, 586 A.2d 887, 899, 906 (Pa. 1991); *accord Commonwealth v. Myers*, ___ A.3d ____, 2017 WL 3045867, at *10 n.16 (Pa. July 19, 2017) (discussing *Birchfield* and decisions from other jurisdictions, and noting that "Pennsylvania law does not recognize a good-faith exception to the exclusionary rule");

***Commonwealth v. Hopkins***, ___ A.3d ____, 2017 WL 2822511, at *1, 9 (Pa. June 30, 2017) (concluding trial court properly suppressed evidence because there is no good-faith exception to exclusionary rule in case where "information contained in the affidavit in support of probable cause is later determined to be demonstrably untrue, despite the absence of any showing of police misconduct");[4] ***Johnson***, 86 A.3d at 188 (noting that Pennsylvania Supreme Court's rejection of good-faith exception in "***Edmunds*** turned on a determination that, under Article I, Section 8, the exclusionary rule in Pennsylvania serves other values besides deterrence; it also vindicates an individual's right to privacy"). Based on this Supreme Court precedent, we decline the Commonwealth's invitation to establish a good-faith exception for post-***Birchfield*** cases.

_____

[4] ***Hopkins*** was decided by an evenly divided court. The opinion in support of affirmance based its decision to affirm the order suppressing the evidence "upon [the Pennsylvania Supreme Court's] historical rejection of a 'good faith' exception to the exclusionary rule." 2017 WL 2822511, at *1 (Donohue, J., joined by Baer and Dougherty, JJ.). The opinion in support of reversal found the "good-faith 'exception' to the exclusionary rule" was not implicated, concluding that:

> [T]he salient issue, in my view, is whether the search warrant was valid and, thus, whether the exclusionary rule applies in the first instance. As I would find that the warrant was supported by probable cause as constitutionally required—and was therefore valid—I would conclude that the evidence should not have been suppressed.

***Id.*** at *9 (Pa. Jun 30, 2017) (Saylor, C.J., joined by Todd and Mundy, JJ.).

Accordingly, because Pennsylvania does not recognize the good-faith exception to the exclusionary rule, we conclude the Commonwealth's claim lacks merit.

Order affirmed.

Judge Shogan joins in the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/2017